UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MELISSA WATSON,

    Plaintiff,

v.                          Case No.  8:23-cv-00254-SPF

MARTIN O'MALLEY,
Commissioner of the Social
Security Administration,[1]

    Defendant.
_____/

**ORDER**

Plaintiff seeks judicial review of the denial of her claim for a period of disability, disability insurance benefits ("DIB"), and Supplemental Security Income ("SSI"). As the Administrative Law Judge's ("ALJ") decision is based on substantial evidence and employs proper legal standards, the Commissioner's decision is affirmed.

    **I.**    **Procedural Background**

Plaintiff applied for a period of disability, DIB, and SSI (Tr. 370–85). The Commissioner denied Plaintiff's claims initially and upon reconsideration (Tr. 83–134). At Plaintiff's request, the ALJ held a hearing where Plaintiff testified (Tr. 59–82, 205–08). The ALJ issued an unfavorable decision finding Plaintiff not disabled, thereby denying her claims for benefits (ALJ Decision 1) (Tr. 135–52). Plaintiff then requested review from the Appeals Council (Tr. 285). The Appeals Council granted Plaintiff's request and remanded the case to

---

[1] Martin O'Malley became the Commissioner of the Social Security Administration on December 20, 2023, and is substituted as Defendant in this suit under Rule 25(d) of the Federal Rules of Civil Procedure.

the ALJ, directing him to (1) consider medical evidence from Advent Health Tampa that Plaintiff had submitted to the ALJ soon after the first hearing, but the ALJ had not admitted as an exhibit, and (2) reconsider Plaintiff's maximum residual functional capacity ("RFC") in light of the Advent Health evidence (Tr. 153–57). The ALJ held a second hearing where Plaintiff testified, and the ALJ again denied her claims (ALJ Decision 2) (Tr. 12–58). Plaintiff appealed ALJ Decision 2 to the Appeals Council, which declined review (Tr. 1–6, 365–69). Plaintiff then filed a timely complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

## II. Factual Background and the ALJ's Decision

Plaintiff, who was born in 1971 (Tr. 145), alleges disability beginning August 1, 2019 (Tr. 15). She has a high school education and, later, graduated from a certified nursing assistant program in 2005 (Tr. 142). She has past relevant work experience as a salesclerk, front desk clerk, and housekeeper (Tr. 22). She alleges disability from sciatic nerve and lower back pain, which a July 2019 lumbar surgery did not resolve (Tr. 432).

In ALJ Decision 2, the ALJ concluded Plaintiff met the insured status requirements through June 30, 2023, and had not engaged in substantial gainful activity since August 1, 2019, the alleged onset date (Tr. 18). After conducting a hearing and reviewing the record evidence, the ALJ determined Plaintiff had these severe impairments: degenerative disc disease, asthma, and arthritis (*Id.*). Notwithstanding these impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled those listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (*Id.*). The ALJ then concluded Plaintiff had the RFC to perform light work with limitations: she can "occasionally climb, crouch, crawl, kneel, stoop, and balance," and "[s]he must avoid concentrated

exposure to heat, humidity, and pulmonary irritants such as fumes, odors, dust, and gases" (Tr. 19). In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established underlying impairments that could reasonably be expected to produce the alleged symptoms, Plaintiff's statements as to the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the evidence (Tr. 20).

Considering Plaintiff's impairments and the assessment of a vocational expert ("VE"), the ALJ determined Plaintiff can perform her past relevant work as a front desk clerk and salesclerk (Tr. 22). Based on Plaintiff's age, education, work experience, RFC, and the VE's testimony, the ALJ found Plaintiff not disabled (Tr. 23).

### III.   Legal Standard

To be entitled to benefits, a claimant must be disabled: they must be unable to engage in any substantial gainful activity because of a medically determinable physical or mental impairment that will likely result in death or that has lasted or will likely last for a continuous period of at least twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

To regularize the adjudicative process, the Social Security Administration has promulgated detailed regulations that outline a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a), 416.920(a). Under this process, the ALJ must determine, in sequence: whether

the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1; and whether the claimant can perform their past work. If the claimant cannot perform their prior work, the ALJ must decide in step five whether the claimant can do other work in the national economy in view of their age, education, and work experience. 20 C.F.R. §§ 404.1520(a), 416.920(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987); 20 C.F.R. §§ 404.1520(g), 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (internal quotation marks omitted)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews decisions of the Commissioner with deference to factual findings, no such deference is given to legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citations omitted).

In reviewing the Commissioner's decision, the court may not re-weigh the evidence or substitute its own judgment for the ALJ's even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Reversal is required if the Commissioner fails to either apply the correct law or to give the reviewing court sufficient reasoning to determine that the Commissioner conducted the

4

proper legal analysis. *Keeton*, 21 F.3d at 1066. Review is thus limited to whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

**IV.   Analysis**

The argument section of Plaintiff's brief includes no legal citations (Doc. 24 at 3-5). With no legal support and little factual development, Plaintiff contends the ALJ breached his duty to develop the record by relying on outdated medical opinions and fashioning "his own interpretation of the raw medical data." (*Id.* at 5). Plaintiff does not identify this "raw medical data" but argues the ALJ should have ordered additional opinion evidence to account for it (*Id.*). The Commissioner counters that "Plaintiff has shown neither a breach of the duty to develop nor harmful error from such breach" (Doc. 25 at 6–7). The Court finds the ALJ applied the correct legal standards, and substantial evidence supports ALJ Decision 2.

A hearing before the ALJ is not an adversary proceeding, and the ALJ has a basic obligation to develop a full and fair record. *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981). This obligation exists even if the claimant is represented by counsel. *Id*. The claimant, however, "bears the burden of proving he is disabled, and, consequently, he is responsible for producing evidence to support his claim." *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003). A claimant may present evidence at each stage of the administrative process. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1261 (11th Cir. 2007).

Although the ALJ has a duty to develop the record where appropriate, he or she "is not required to order a consultative examination as long as the record contains sufficient evidence upon which the ALJ can make an informed decision." *See id.* at 1269 (citing *Doughty*

*v. Apfel*, 245 F.3d 1274, 1281 (11th Cir. 2001)). Put differently, if there is sufficient information in the record for the ALJ to make an informed decision, the ALJ is not required to order a consultative examination. *Id*. "It is reversible error for an ALJ not to order a consultative examination when such an evaluation is necessary for the ALJ to make an informed decision." *Reeves v. Heckler*, 734 F.2d 519, 522 n.1 (11th Cir. 1984).

Regulations list four situations that "may" require a consultative examination: (1) the additional evidence needed is not contained in the medical record; (2) evidence that may have been available from treating or other medical sources cannot be obtained for reasons beyond a claimant's control; (3) highly technical or specialized evidence the Commissioner needs is not available from claimant's treating or other medical sources; and (4) there is an indication that the claimant's condition has changed and this change is likely to affect his or her ability to work. *See* 20 C.F.R. §§ 404.1519a(b), 416.919a(b). But before the court will remand a case for further development of the record, there must be a showing that the ALJ's failure to develop the record led to evidentiary gaps that resulted in "unfairness or clear prejudice." *See Graham v. Apfel*, 129 F.3d 1420, 1423 (11th Cir. 1997). "This requires the plaintiff to identify 'what facts could have been submitted . . . that would have changed the outcome.'" *Correa v. Colvin*, No. 8:15-cv-461-T-TGW, 2016 WL 7334642, at *4 (M.D. Fla. Mar. 18, 2016) (citing *Edwards v. Sullivan*, 937 F.2d 580, 586 (11th Cir. 1991).

The mere lack of a consultative examination is inadequate to meet a plaintiff's burden to demonstrate prejudice. *See Henderson v. Comm'r of Soc. Sec.*, 353 F.App'x 303, 305 (11th Cir. 2009) (finding plaintiff did not show prejudice for failure to develop the record, because she did "not explain how the absence of [the discussed evidence] precluded the ALJ from making an informed disability determination. Nor does [plaintiff] explain how such an

6

assessment would have affected the ALJ's overall disability determination."); *Slocumb v. Comm'r of Soc. Sec.*, No. 5:16-cv-617-Oc-10PRL, 2017 WL 2889804, at *4 (M.D. Fla. May 15, 2017) ("[I]t is Plaintiff's duty to show how the ALJ's failure to obtain a psychological examination prejudiced her, the mere lack of a consultative examination is inadequate to meet Plaintiff's burden when the record contains sufficient evidence to determine whether she is disabled."). Rather, a plaintiff must show that a consultative examination would have impacted the ALJ's decision. *See Robinson v. Astrue*, 365 F. App'x 993, 999 (11th Cir. 2010) (finding claimant could not show prejudice because "there is no evidence ALJ's decision would have changed in light of any additional information").

Here, Plaintiff objects to the ALJ's reliance on two state agency consultants' opinions, because these opinions "were made several years prior to [ALJ Decision 2]." (Doc. 24 at 5). According to Plaintiff, these opinions do not consider "a critical body of objective medical evidence" (*Id.*). But she does not identify the critical body of evidence that the ALJ ignored. Instead, Plaintiff states, without citing legal authority or pointing to specific evidence, that "matters are subject to remand if the [ALJ] makes a finding of work-related limitations based on . . . an outdated source opinion that did not include consideration of a critical body of objective medical evidence" (*Id.*).

On March 5, 2020, Bettye Stanley, D.O. provided an initial opinion assessing Plaintiff with severe degenerative disc disease (Tr. 83–100). Dr. Stanley found Plaintiff capable of performing light work including frequently climbing ramps, stairs, ladders, ropes, and scaffolds; frequently stooping and crawling; and avoiding concentrated exposure to extreme heat, humidity, and pulmonary irritants (Tr. 88–90, 97–99). On July 17, 2020, Steven Arkin, M.D. affirmed at the reconsideration level that Plaintiff had severe degenerative disc disease

(Tr. 105–26). Dr. Arkin found Plaintiff capable of performing light work with the same limitations Dr. Stanley imposed except for occasional (rather than frequent) ladder, rope, and scaffold climbing (Tr. 112, 123). The ALJ found these opinions "persuasive" and stated they "showed an understanding of [the Social Security Administration's] disability program's policies and evidentiary requirements" (Tr. 22). While the ALJ acknowledged that the "medical consultants provide an assessment . . . of only records provided at the lower levels," he found that "subsequently submitted records are consistent with [the consultants'] assessments" (Tr. 22). The ALJ wrote: "Later records confirm the presence of additional severe impairments, including arthritis and asthma, which the undersigned has accounted for in the [RFC] set forth above." (*Id.*).[2]

Counter to Plaintiff's suggestion, the ALJ did not rely solely on Drs. Stanley and Arkin's opinions. For example, the ALJ noted that a September 9, 2020, lumbar spine CT scan showed "normal anatomic alignment. There are no compression deformities. The density of the vertebral bodies is normal. Severe disc height loss at L5-S1 with mild facet hypertrophy." (Tr. 681). At a November 2020 appointment with Jayson Sack, M.D. of the USF Neurosurgery Clinic (the same doctor who performed her back surgery in July 2019), Plaintiff reported worsening lower back pain (Tr. 718-22). She tried treating with a pain management specialist, but a lower back injection provided no relief (*see* Tr. 718). Dr. Sack analyzed Plaintiff's most recent imaging: "[Plaintiff's lumbar imaging] shows loss of disc height at L5-S1 and a disc protrusion at the L4-5 level with associated stenosis at these levels. The remainder of her lumbar spine reveals no significant pathology at this time. No instability on dynamic x-rays." (Tr. 721). He "discussed management options with the patient,

---

[2] Plaintiff does not challenge her RFC.

continuing conservative management versus surgical intervention. . . . No emergent neurosurgical interventions are indicated at this time." (Tr. 721-22).

The ALJ also considered the Advent Health records that the Appeals Council directed him to address on remand (*Id.*), including notes of Plaintiff's March 2021 emergency room visit for back pain (Tr. 21). Doctors found Plaintiff had increased tissue tension over her left buttocks but a normal gait and full strength and sensation (758–62). She was discharged with a muscle relaxant, steroid, and pain medication (*Id.*). And at a July 5, 2021 telehealth appointment with Hillary Morgan, A.R.N.P. for right knee pain, Plaintiff reported she can prepare meals and shop on her own and can do both light and heavy work independently (Tr. 822-23). Her gait was normal, and she appeared in no acute distress.

Plaintiff does not identify the evidentiary gap that allegedly triggered the ALJ's duty to order a consultative examination, nor does she explain how a consultative examination would have changed the ALJ's decision. Instead, she criticizes the ALJ for relying on "raw medical data" and "outdated medical sources" without explaining what she means. As a last-ditch effort, she "request[s] that she be permitted, and given an additional 30 days, to file a Supplemental Memorandum of Law to include a Motion to Remand under Sentence Six, if after obtaining the records from her orthopedic physician she believes that evidence would support [such a] motion" (Doc. 24 at 5). To remand under sentence six, the claimant must establish: (1) that there is new, non-cumulative evidence; (2) that is material (i.e., relevant and probative so that there is a reasonable possibility that it would change the administrative result); and (3) there is good cause for the plaintiff's failure to submit the evidence at the administrative level. *See Jackson v. Chater*, 99 F.3d 1086, 1090-92 (11th Cir. 1996); *Delker v. Comm'r of Soc. Sec.*, 658 F. Supp. 2d 1340, 1366-67 (M.D. Fla. 2009). Further, new evidence

used by a plaintiff to justify remand must relate to the period on or before the date of the ALJ's decision. *Wilson v. Apfel*, 179 F.3d 1276, 1279 (11th Cir. 1999); *Enix v. Comm'r of Soc. Sec.*, 461 F. App'x 861 (11th Cir. 2012). Evidence that a condition the ALJ considered has deteriorated may entitle a claimant to benefits under a new application, but it is not probative of whether a person is disabled during the specific period under review. *Apfel*, 179 F.3d at 1279; *see also Griffin v. Comm'r of Soc. Sec.*, 723 F. App'x 855, 858 (11th Cir. 2018) (finding MRI report prepared four months after ALJ's decision not chronologically relevant or material as there was no indication report related back to the relevant time).

First, Plaintiff has not moved for the Court to consider additional evidence under sentence six. Second, Plaintiff has not indicated what these records are and how they are new or material. *See Caulder v. Bowen*, 791 F.2d 872, 877 (11th Cir. 1986) (citations omitted) ("To be material, the evidence must be relevant and probative so that there is a reasonable possibility that it would change the administrative outcome."). In ALJ Decision 2, the ALJ mentioned "[Plaintiff's] doctor has discussed doing another back surgery, but her insurance has not approved that procedure" (Tr. 20). Similarly, Plaintiff writes in her brief that a back surgery was scheduled for July 27, 2023, but was cancelled because she lacked sufficient medical insurance (Doc. 24 at 5). Given that records relating to "recent" orthopedic examinations and a cancelled July 2023 back surgery appear to postdate the ALJ's August 2022 decision, Plaintiff has shown no basis to file a supplemental memorandum (*Id.*). *See Apfel*, 179 F.3d at 1279.

Plaintiff has not demonstrated the ALJ breached his duty to develop the record. She has not identified a prejudicial evidentiary gap or a lack of substantial evidence without a

10

consultative examination. As substantial evidence supports the ALJ's decision and the Commissioner applied proper legal standards, ALJ Decision 2 is affirmed.

## V.     Conclusion

Accordingly, after consideration, it is hereby

ORDERED:

1. The decision of the Commissioner is affirmed.

2. The Clerk is directed to enter final judgment for the Commissioner and close the case.

**ORDERED** in Tampa, Florida, on February 8, 2024.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE